**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JULIE LYNN RICKMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1777-P |
| | § | |
| AKASH HOTELS | § | |
| INTERNATIONALS, et al., | § | |
| d/b/a Comfort Suites-Ennis Texas, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's order of reference filed on July 26, 2010, before the Court is the *Joint Motion to Dismiss and Brief in Support*, filed July 23, 2010 (doc. 35). Based on the relevant filings, the evidence, and the applicable law, the motion should be **GRANTED**, and this action should be dismissed with prejudice.

### I. BACKGROUND

Plaintiff filed this employment discrimination action on October 8, 2008, and the defendants were ultimately served with process in June 2009. By scheduling order dated August 11, 2009, the Court set a deadline of September 30, 2009 for initial disclosures. Plaintiff failed to comply with this deadline. On January 11, 2010, defense counsel contacted Plaintiff's counsel about the disclosures. On January 21, 2010, defendants Akash Hotels Internationals, Inc. ("Akash"), and Robert Peterson ("Peterson") served Plaintiff with written discovery. Defense counsel continued to contact Plaintiff's counsel about the disclosures and outstanding discovery requests. After Plaintiff failed to provide her disclosures or responses to discovery, all defendants filed motions to compel in late March 2010. Defendant Choice Hotels International, Inc. ("Choice"), also served Plaintiff with written discovery in late March.

After granting Plaintiff a continuance of the hearing, the Court heard the motions to compel on May 13, 2010. It granted the motions, ordered Plaintiff to provide her initial disclosures and responses to written discovery by June 1, 2010, and deemed the defendants' requests for admissions admitted. The Court also specifically noted its belief that the defendants had been prejudiced in their ability to comply with the Court's scheduling order as a result of Plaintiff's failure to provide discovery. Plaintiff failed to comply with the May 13 order by providing her disclosures and discovery responses by the June 1 deadline.

After attempts to resolve the issues, the defendants filed motions to compel and for sanctions on June 11, 2010. The sanctions requested included not allowing Plaintiff to support or oppose claims or to introduce evidence and dismissal. The Court set a deadline for filing a response to the motions of June 30, 2010, and scheduled a hearing for July 2, 2010. The parties were also ordered to confirm their attendance at the July 2 hearing. Counsel for Plaintiff did not file a response to the motions for sanctions, confirm his attendance at the hearing, or appear at the hearing. The Court granted the motions to compel and for sanctions, ordered the Plaintiff to provide initial disclosures and responses to discovery by July 16, 2010, and deemed all objections except for privilege to have been waived. The Court also expressly stated that the defendants could move for dismissal if Plaintiff did not comply with the order to provide discovery and awarded the defendants fees under Rule 37(b)(2)(C). The Court ordered the parties to confer regarding the reasonableness of the fees requested. Plaintiff failed to comply with the July 2 order by providing her disclosures and discovery responses by the July 16 deadline, and her counsel failed to confer with the defendant's counsel regarding the reasonableness of their requested fees as ordered. On July 23, 2010, the defendants filed their fee applications and a motion to dismiss for failure to comply with multiple discovery orders.

By order dated July 27, 2010, the Court set a deadline for responses to the applications and motions and scheduled a hearing for August 25, 2010. The order was served via email and certified mail, return receipt requested, on Plaintiff, her counsel of record, and the name partner of his firm. Plaintiff, counsel of record, and a representative of the firm were specifically ordered to personally appear at the hearing, and all were ordered to confirm their attendance at the hearing in advance. Plaintiff's counsel filed responses to the applications and motion, and both he and representatives of his firm confirmed their attendance and appeared for the hearing on August 25, 2010. Despite notice from both the Court and her attorneys, Plaintiff did not confirm her attendance or appear for the hearing.

In his response and at the hearing, Plaintiff's counsel of record recounted his efforts to get Plaintiff to answer the outstanding discovery requests since the May 13 hearing. He provided her with copies of all discovery requests on multiple occasions. She failed to attend scheduled meetings with him, including meetings that were scheduled during weekends for her convenience. When he was finally able to meet with her, she became upset about the nature of the discovery requests and refused to answer the questions. After he explained the need to answer the discovery, she decided to take the questions home with her and to write out her answers. She never provided any answers to counsel, despite numerous attempts to contact her. He conceded that he had not timely communicated with counsel and the Court, and in particular, he had not confirmed his attendance or attended the July 2 hearing because of his wife's very serious advancing illness and unexpected reaction to treatment just prior to the scheduled hearing. He also stated that he had been having problems communicating with his client even before the May 13 hearing, but he took the blame and tried to get more time for her to answer the discovery because he believed in the merits of her case and that she would answer the

discovery.

After copies of the Court's orders were mailed to the name partner of counsel's firm, Mr. Marc H. Richman, Mr. Richman also attempted to contact Plaintiff to make her aware of the motion to dismiss the case and the requests for fees based on her failure to respond to discovery. She again reiterated her reluctance to answer all of the questions, but said she would work on them. Copies were again faxed to her, and counsel tried to arrange a meeting with her during a weekend. She represented that she would provide some answers, but never did. Her attorneys have not heard from Plaintiff since August 10, 2010. They made her aware of the motion to dismiss her case based on her failure to respond to discovery and of the order that she personally appear at the hearing. As of the date of the hearing on August 25, 2010, Plaintiff has still not provided initial disclosures or responses to the defendants' written discovery.

## II. ANALYSIS

Defendants move for dismissal of Plaintiff's case as sanctions for her failure to comply with several discovery orders under Federal Rule of Civil Procedure 37(b).

Rule 37(b)(2)(A)(v) provides that if a party fails to obey an order to provide discovery, the court may dismiss the action or proceeding in whole or in part. While Rule 37 allows for dismissal as a discovery sanction, "[l]itigation-ending sanctions are, by their very nature, the last resort." *Fuqua v. Horizon/CMS Healthcare Corp.*, 199 F.R.D. 200, 204 (N.D. Tex. 2000) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)). "Nevertheless, in certain circumstances, they are justified 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)). The Fifth Circuit has

4

articulated several factors that must be present before dismissal is justified, including that (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC*, 20 F.3d at 1380-81.

Based on the facts of this case, the Court finds that Plaintiff's conduct is willful and accompanied by a clear record of delay. The Court's scheduling order required Plaintiff to provide her Rule 26(a)(1) disclosures by September 30, 2009. Eight months later, she still had not provided initial disclosures or responded to written discovery. As a result, on May 13, 2010, the Court ordered her to provide her disclosures and responses to written discovery requests by June 1, 2010. She failed to do so. By order dated July 2, 2010, she was again ordered to provide them by July 16, 2010, but she again failed to do so. Eleven months after the September 30 deadline for initial disclosures, and more than three months after the May 13 order to answer written discovery, Plaintiff has still not provided the defendants with *any* discovery or disclosures. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 Fed. App'x 411, 412-13 (5th Cir. 2006) (upholding dismissal with prejudice where plaintiff was uncooperative with discovery for five months). In addition, she received notice that her case could be dismissed for failure to provide discovery, but she refused to cooperate with counsel to provide any answers to the discovery requests. Nor did she appear at a hearing despite notice that she had been ordered to appear in person and that the subject of the hearing was whether her case should be dismissed for failure to provide discovery. She has not shown that her failure to comply with the Court's orders is a result of an inability to comply rather than willfulness or bad faith. *See Yazdchi v. American Honda Finance Corp.*, 217 Fed.App'x 299, 302 (5th Cir. 2007).

The Court also finds that the delay is attributable to Plaintiff, although her counsel's personal situation compounded the delay initially. "Dismissal may be appropriate even when the client shares little of the blame for an attorney's conduct." *Carter v. Dialysis Clinic, Inc.*, 234 F.3d 707, 2000 WL 1598098 (5th Cir. 2000) (table) (citing *Dorsey v. Scott Wetzel Serv.,* Inc., 84 F.3d 170 (5th Cir.1996)(per curiam) and *Woodson v. Surgitek*, 57 F.3d 1406, 1418 (5th Cir.1995)). Here, however, it is clear that since the May 13 order, the failure to answer the discovery requests lies squarely with Plaintiff. She has received several copies of the requests, and two different attorneys have explained to her the potential consequences of her failure to provide answers. Even so, she has still not provided her attorneys with any answers to the discovery requests. Despite being provided copies of the orders and motions directly by the Court, and an opportunity to explain in person why she has been unable to provide answers, why the delay was not attributable to her, or why the case should not be dismissed, she failed to appear.

The Court also finds that the defendants have been substantially prejudiced. Indeed, the May 13 order specifically notes that the defendants had been prejudiced in their ability to comply with the Court's initial scheduling order. Almost a year after the initial disclosures were due, and almost two years after the case was filed, they have still not received an initial disclosure or discovery, and it appears that none will be forthcoming. This substantially prejudices the defendants' ability to prepare for this case and discover the bases for Plaintiff's claims.

Finally, no lesser sanction will "substantially achieve the desired deterrent effect." *FDIC* , 20 F.3d at 1380-81. Plaintiff has received several opportunities to remedy the failure to provide discovery. The July 2, 2010 order clearly stated that sanctions were appropriate, and it awarded fees to the defendants in an amount to be determined. The order also expressly stated that the defendants

could again seek dismissal as a sanction if Plaintiff failed to comply with the Court's orders. Despite the fee award and this warning, Plaintiff has continued to defy the Court's orders, including an order to appear to explain why she could comply with the orders or why the delay was not attributable to her. Based on her continued blatant disregard of court orders and failure to show that she intends to comply with the orders, the Court finds that a lesser sanction than dismissal with prejudice would not substantially achieve the necessary deterrent effect. *See Doe v. American Airlines*, 283 Fed. App'x 289, 291-92 (5th Cir. 2008) (affirming dismissal of discrimination claims with prejudice where plaintiff repeatedly failed to cooperate with respect to her ordered discovery obligations, had been warned multiple times that further failure to comply could result in dismissal, and provided no indication of her intent to comply with the discovery orders), *cert denied,* 129 S. Ct. 1003 (2009).

## III. RECOMMENDATION

The *Joint Motion to Dismiss and Brief in Support*, filed July 23, 2010 (doc. 35), should be **GRANTED,** and Plaintiff's action should be dismissed with prejudice for failure to comply with the Court's discovery orders.

**The United States District Clerk's Office is hereby directed to serve a copy of this Order upon the following party via regular mail and email:**

> Julie Lynn Rickman
> 12076 Mimosa Lane
> Frisco, TX 75034
> juliarickman@yahoo.com

**SO RECOMMENDED** on this 30th day of August, 2010.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE